UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA              :

      -v.-                            :      **SUPERSEDING INDICTMENT**

GREGORY COOPER,                       :      S4 08 Cr. 356 (KMK)
    a/k/a "Thornton Lockheed,"
                               :
        Defendant.
- - - - - - - - - - - - - - - - - -x

## COUNT ONE

(Conspiracy to Commit Mail Fraud and Wire Fraud)

The Grand Jury charges:

### Background

1. GREGORY COOPER, the defendant, together with Riccardo White, Lawrence Burke, Zachary Cutler, and others known and unknown to the Grand Jury, operating mainly from an office in a basement of a house in Central Valley, New York, conducted two related schemes focused on the mortgage industry.

2. In the first scheme, GREGORY COOPER, together with Riccardo White, Lawrence Burke, Zachary Cutler, and others known and unknown to the Grand Jury, contacted residential mortgage brokers throughout the country and sold them lists containing names of individuals purportedly interested in obtaining mortgages. In order to induce the mortgage brokers to purchase the lists, they promised that the people on the lists were interested in obtaining mortgages, promised to introduce the mortgage brokers to the individuals on the lists through a letter

or a phone call, and claimed that their company, Nationwide Data Corp., was associated with the well-known Nationwide Mutual Insurance Company. In actuality, the lists were not lists of people interested in obtaining mortgages, the promised letters were not sent nor the promised phone calls made to the people on the lists, and Nationwide Data Corp. was not associated with Nationwide Mutual Insurance Company.

3. In the second scheme, GREGORY COOPER, together with Riccardo White, Lawrence Burke, Zachary Cutler, and others, contacted homeowners in and around New York City and offered them mortgages with low interest rates for as many as five years and attractive rate caps once the loan adjusted. They also claimed that their company, Nationwide Lending Group, was a member of the Better Business Bureau and/or was associated with the well-known Nationwide Mutual Insurance Company. The terms of the mortgages obtained were materially different from those offered on the phone. In addition, in actuality, Nationwide Lending Group was not a member of the Better Business Bureau or associated with Nationwide Mutual Insurance Company.

## The Conspiracy

4. From in or about August 2004 through in or about April 2008, in the Southern District of New York and elsewhere, GREGORY COOPER, the defendant, together with Riccardo White, Lawrence Burke, Zachary Cutler, and others known and unknown to

the Grand Jury, unlawfully, willfully, and knowingly, did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 1341, and 1343.

### Mail Fraud

5.  It was a part and an object of the conspiracy that GREGORY COOPER, the defendant, together with Riccardo White, Lawrence Burke, Zachary Cutler, and others known and unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and private and commercial interstate carriers, and took and received therefrom, matters and things, and knowingly caused to be delivered by mail and such carriers according to the direction thereon matters and things, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1341.

### Wire Fraud

6.  It was further a part and an object of the conspiracy that GREGORY COOPER, the defendant, together with Riccardo White, Lawrence Burke, Zachary Cutler, and others known and unknown to the Grand Jury, having devised and intending to

devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully, and knowingly, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Overt Acts

7.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

  a.   In or about September 2005, GREGORY COOPER rented a mailbox at a UPS Store in New York, New York.

  b.   In or about January 2006, a letter of introduction was faxed to a mortgage broker in Washougal, Washington.

  c.   In or about May 2006, a mortgage broker sent a check to Monroe, New York by Federal Express.

  d.   In or about September 2006, a credit history for a homeowner was obtained by computer from Kroll Factual Data Service in Loveland, Colorado.

  e.   In or about October 2006, a homeowner in

Bronx, New York sent a check to Monroe, New York by Federal Express.

    f. In or about June 2007, GREGORY COOPER attended a mortgage closing in Queens, New York.

    (Title 18, United States Code, Section 1349.)

## COUNTS TWO THROUGH NINE

    (Mortgage Broker Scheme - Mail Fraud)

    The Grand Jury further charges:

    8. Paragraphs 1 through 7 of this Indictment are repeated and realleged as if set forth in full herein.

    9. In or about the months specified below, in the Southern District of New York and elsewhere, GREGORY COOPER, the defendant, together with others known and unknown to the Grand Jury, unlawfully, willfully and knowingly having devised, and intending to devise, a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, namely, a scheme in which GREGORY COOPER and others sold lists that purportedly contained names of people interested in obtaining mortgages but did not, as set forth in Count One above, for the purpose of executing such scheme and artifice and attempting to do so, did place and cause to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and did take and receive

5

therefrom such matters and things, namely, checks and purchase orders.

| Count | Date | Mortgage Broker Company | Cooper Entity | Amount Paid for List |
|---|---|---|---|---|
| Two | September 2004 | Maryland Nationals Financial | American Consumer Reports | $ 3,020.00 |
| Three | October 2004 | Maximum Mortgage Services | American Consumer Reports | $ 3,020.00 |
| Four | March 2005 | Huntington Home Mortgage | American Consumer Reports | $ 5,050.00 |
| Five | October 2005 | American National Funding | Brokerdata | $ 1,550.00 |
| Six | December 2005 | Financial One Mortgage | Brokerdata | $ 1,550.00 |
| Seven | May 2006 | Skycrest Mortgage | Nationwide Data Corp. | $ 2,570.00 |
| Eight | May 2006 | Acadia Financial | Nationwide Data Corp. | $ 3,175.00 |
| Nine | July 2006 | Home Solutions Lending | Nationwide Data Corp. | $ 2,050.00 |

(Title 18, United States Code, Section 1341.)


**COUNTS TEN THROUGH TWENTY-THREE**

(Homeowner Scheme - Mail Fraud)

The Grand Jury further charges:

10.  Paragraphs 1 through 7 of this Indictment are repeated and realleged as if set forth in full herein.

11.  In or about the months specified below, in the Southern District of New York and elsewhere, GREGORY COOPER, the defendant, together with others known and unknown to the Grand

6

Jury, unlawfully, willfully and knowingly having devised, and intending to devise, a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, namely, the scheme in which GREGORY COOPER and others induced homeowners to enter into mortgages in or about the amounts listed below, by making misrepresentations about the loans and their business, as described in Count One above, for the purpose of executing such scheme and artifice and attempting to do so, did place and cause to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and did take and receive therefrom such matters and things, namely, checks, correspondence, bank statements, W-2s, and loan documents.

| Count | Date | Loan Amount |
|---|---|---|
| Ten | July 2006 | $300,000 |
| Eleven | July 2006 | $500,000 |
| Twelve | October 2006 | $344,000 |
| Thirteen | November 2006 | $325,000 |
| Fourteen | November 2006 | $400,000 |
| Fifteen | February 2007 | $375,200 |
| Sixteen | March 2007 | $338,000 |

| Seventeen | March 2007 | $440,000 |
| Eighteen | April 2007 | $368,000 |
| Nineteen | July 2007 | $372,000 |
| Twenty | November 2007 | $375,000 |
| Twenty-One | January 2008 | $326,000 |
| Twenty-Two | January 2008 | $348,500 |
| Twenty-Three | March 2008 | $348,750 |

(Title 18, United States Code, Section 1341.)

## FORFEITURE ALLEGATION

12. As a result of committing the offenses alleged in Counts One through Twenty-Three of this Indictment, GREGORY COOPER, the defendant, shall forfeit to the United States pursuant to 18 U.S.C. § 982, any property constituting or derived from proceeds obtained directly or indirectly as a result of the offenses charged in this Indictment.

### Substitute Asset Provision

13. If any forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C); Title 28, United States Code, Section 2461; Title 21, United States Code, Section 853(p).)

_____
FOREPERSON

_____
MICHAEL J. GARCIA
United States Attorney

9