United States District Court
Southern District of New York

Gregory Cooper

        Petitioner

v.                                08Cr.356(KMK)

United States of America

Reply to Gov't's Opposition to Coram Nobis Petition

In the government's reply they don't address the merits of my claim that I was told by my attorney that I wouldn't get more time at trial then the 12 year plea offered at the reverse proffer meeting. I believe the reason they don't refute this fact is that my attorney's own words in open court at my sentencing and what he wrote in my sentencing memorandum makes it impossible to refute these facts. They know any testimony or affidavit from him still won't change the facts of what he said in the sentencing transcripts, and what he told me prior to going to trial was the exact same thing, that's why I went to trial, he told me we couldn't do any worse than what the government was offering in the plea. The government instead argues that I'm not eligible for coram nobis relief because I am in custody and that I should have sought relief earlier. I am not an attorney, I am in prison and I don't have access to paralegals to help me or even to a computer with microsoft word to put this motion together but I will try my best. I feel like David versus Goliath but I will give it my best.

1

The government is simply wrong when they state that CORAM NOBIS is a remedy that I'm not eligible for and I will prove it, the following cases prove the government is incorrect:

United States v. Marin-Moreno, (EDNY), 2016 U.S. Dist Lexis 30287: Judge Gleeson granted Coram Nobis relief while the petitioner was in custody.

Dixon v. United States, (SDNY), 2015 U.S. Dist Lexis 24011: Judge Karas ruled Dixon's petition timely once Dixon filed Coram Nobis Motion and demonstrated a dilligent effort to pursue his claims. Judge Karas also stated "there is some suggestion that a petitioner can file a Coram Nobis petition while in custody" and cited: Triestman v. United States, USCA 2cir 1997, 124. F. 3d 361.

Triestman v. United States, USCA 2cir, 124 F. 3d 361: Appeals court denied (COA), but allowed petitioner to file Habeas Coram Nobis while in custody. The court stated "it is possible that Coram Nobis might be deemed available if an innocent person were barred from making a previously unavailable claim under 2241 as well as 2255.

These cases prove Coram Nobis can be used by a person in custody, even Judge Karas has stated this. The government is wrong.

2

the government is correct when they state I have never raised the argument that I raise now. I didn't know I could. The gov't is simply wrong when they assert that I was aware of the fact that an attorney give you ineffective counsel if they tell you based on evidence and witnesses being presented to the jury, you can't get more time than what the government is offering in the plea bargain. This is what I was told. I didn't know my constitional rights were violated or I would have put it in my 2255. The Supreme Court came out with the Lafler v. Cooper case around the time that I filed my 2255 but I didn't know about the case until much later. I'm not a lawyer. I asked the court for an attorney to file my 2255 and was denied. I didn't bring up this issue because I didn't know about this issue. I just didn't know if your lawyer gives you bad advice about not taking the plea, and tells you to go to trial based on evidence the gov't will present at trial, and you go to trial and gets almost 6 more years than the plea, that you can hold him accountable for that. My claim is not self-serving. This court doesn't need to take my word of what I was told. I ask the court to simply read the sentencing transcript that my attorney submitted verbally in court and read his sentencing memorandum that he argued as well. The very same argument that he told me about why we should go to trial based on the witnesses being called, the money they claim they lost, the number of witnesses (11) that will give a 2pt enhancement, etc... is why he felt the plea offer was so crazy that we couldn't do any worse at trial, is the same argument he made to the court. You don't have to believe me because these are his arguments, not mine. I'm not the lawyer. I failed to seek relief on this issue because I didn't know I could.

respectfully submitted,
Gregory Cooper  45649054

3