IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

United States of America,

    Plaintiff

v.

Gregory Cooper,

    Defendant

08 Cr. 356 (KMK)

MOTION FOR COMPASSIONATE RELIEF

Gregory Cooper, Pro Se

MDC Brooklyn

Camp Cadre Unit

P.O. Box 329002

Brooklyn, NY 11232

## PRELIMINARY STATEMENT

Defendant Gregory Cooper, who has already been in prison for 11 years, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mr. Gregory Cooper #45649-054, is a 52-year-old prisoner serving a 210 month sentence for mail fraud. He has no detainers, escape attempts or history of any violent or sexual offenses. He has a clear institutional conduct and has participated in programming including completion of the non-residential drug program and all of the re-entry release preparation programs in the BOP. He has been in custody since October 2009 and has a current projected release date of July, 2024.

Mr. Cooper has expressed deep and sincere remorse for his conduct. As he has stating in writing, "I have deep regret for the victims of my offense and I will continue to make restitution payments as I have for the past 11 years."

## ARGUMENT

I. The Defendant has exhausted his administrative remedies and is therefore entitled to submit this motion for compassionate release to this Court. Pursuant to 18 U.S.C. § 3582(c)(1)(A), he filed a petition for compassionate release with the warden of the prison where he resides (MDC Brooklyn), and that request was denied after 30 days. Mr. Cooper has thus exhausted his administrative remedies and is therefore turning to this Court with the submission of this motion, as provided for under 18 U.S.C. § 3582(c)(1)(A).

II. A change in sentencing guidelines for the offense of which the prisoner was convicted, as occurred here, is a sufficient basis for granting compassionate release. When Congress enacted 18 U.S.C. § 3582(c)(1)(A), while not specifically defining what constitutes "extraordinary and compelling circumstances, it intended for district courts to reduce sentences for prisoners on the basis of extraordinary and compelling reasons not limited to medical, family, or elderly circumstances." In S. Rep No. 98-225, at 52, 53 n.74 (1983), the Senate Committee that approved the statute explicitly stated that there may be unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances. These would include cases of severe illness, cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and <u>some cases in which the sentencing guidelines for the offense of which the defender was convicted have been later amended to provide a shorter term of imprisonment</u>. Id. at 55–56 (emphasis added). That is exactly what happened in this case. Mr. Cooper seeks compassionate release and a reduction in sentence, pursuant to 18 U.S.C. 3582(c)(1)(A) due in large part to the sentencing disparity in his case.

He is currently serving a sentence that is 75 months longer than he would be sentenced for today under the exact same charge. To explain, when Mr. Cooper was sentenced in June of 2010, he was sentenced to 210 months with a criminal history category 3 and at an offense level 35 based upon a number of factors, including a 6 level enhancement because of the number of victims of

his offense. (See page 3 of Government Sentencing memo, Pacer Doc. 108 in USDC SDNY Case No. 7:08-cr-00356, U.S. v. Cooper). Section 2B1.1(b)(2)(C) of the 2009 sentencing guidelines, in effect at that time, provided for a six point increase in offense level "if the offense...involved 250 or more victims." (Page 86
- https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2009/manual/GL2009.pdf).

On November 1, 2014 however, the Guidelines amended section (2)(b) to read as follows:
"(2) (Apply the greatest) If the offense—
(A) (i) involved 10 or more victims; (ii) was committed through mass-marketing; or (iii) resulted in substantial financial hardship to one or more victims, increase by 2 levels;
(B) resulted in substantial financial hardship to five or more victims, increase by 4 levels; or
(C) resulted in substantial financial hardship to 25 or more victims, increase by 6 levels."
(https://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2015/GLMFull.pdf document page 83, pdf page 91.)

Thus, to apply the six point increase Mr. Cooper received, a finding of "substantial financial hardship to 25 or more victims" would have had to have been made. There was no such finding in Mr. Cooper's case. To elaborate, under the 2015 guidelines, a court would have to find, in a judicial hearing, specific and substantial harm to the victims such as evidence that they had to file for bankruptcy, lost their retirement savings, went into foreclosure, had to move to a less expensive home, or had to get a second job. None of these showings were made with regard to Mr. Cooper's victims.

Thus, rather than a 6 point increase, Mr. Cooper would only have been subjected to a 2 point increase resulting in a total offense level of 31 instead of 35 and sentencing range of 135-168. Even the maximum of that range is 42 months less than the sentence of 210 months
Mr. Cooper is serving. However, when he was sentenced for the 210 months it was at the low end of the sentencing guideline in place at that time. If he was sentenced under the current guidelines he would thus have received a 135 month sentence because that is the low end of the current guidelines. He has thus already served the full term he would have received under the new sentencing guidelines. He has also completed the 3 years of supervised release in prison. Under the First Step Act (18 U.S.C. § 3582(c)(1)(A)) as stated above, there is justification for granting Mr. Cooper compassionate relief due to the change in sentencing guidelines, even though those guidelines were changed after his sentence was imposed. There is also judicial precedent for granting Mr. Cooper compassionate relief due to the subsequent change in sentencing guidelines. In United States v. Urkevich, 2019 WL 6037391 (U.S.D.C., D. Nebraska, 2019), the court reduced the defendant's sentence on the grounds that he would have received a lesser sentence under the sentencing guidelines that were enacted after his sentence was imposed. Similarly, in United States v. Maumau, 2020 WL 806121 (D. Utah, 2020), the court also ruled that one of the grounds for reducing the defendant's sentence was that he would have received a lesser sentence under the sentencing guidelines that were enacted after his sentence was imposed. That same rationale should apply in Mr. Cooper's case. Based on what he would have been sentenced under the guidelines now in place, he would have already completed his entire prison term, including the supervised release time, and should therefore be released upon the granting of this motion.

III. An additional extraordinary and compelling circumstance that would justify the granting of this motion is that there has been an outbreak of coronavirus at MDC, the prison where he is currently residing. A number of prisoners have confirmed cases of COVID-19. Because he has a serious medical condition which includes high blood pressure and seizures, and requires medication for both, he is extremely concerned for his health and he is understandably fearful of exposure to the virus, which given his weak medical condition could be a serious threat to his health and even his life. He therefore seeks immediate release to avoid his exposure to the coronavirus.

IV. Mr. Cooper has also compiled an excellent record of rehabilitation showing that, if released, he is no danger to the public. He has been a model prisoner and has complied fully with all prison regulations. This record also justifies his release under 18 U.S.C. § 3582(c)(1)(A)(i).

V. Mr. Cooper has a wife and two sons who reside in New York. His wife has considerable emotional challenges and one of their children is autistic. After 10 years of incarceration, the family is desperate for his return and support.

VI. Additionally, Mr. Cooper's reentry plan is exemplary, as he will live with his family and already has a pending job offer.

WHEREFORE, sufficient cause having been shown, this Honorable Court is hereby requested to exercise its discretion and grant this motion for compassionate relief, limit Mr. Cooper's sentence to the 11 years he has already served, and enable him to be released from prison and return to his family.

Respectfully submitted,

Gregory Cooper, Pro Se
MDC Brooklyn
Camp Cadre Unit
P.O. Box 329002
Brooklyn, NY 11232