December 4, 2024

**BY ECF**
Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   United States v. Gregory Cooper,
      08 Cr. 356 (KMK)

Dear Judge Karas:

I write to request that the Court order the termination of Gregory Cooper's supervised release. Mr. Cooper has successfully completed more than two thirds his current term of supervised release, and neither the government nor Probation takes any position on terminating supervision at this time.

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court considers the § 3553(a) factors to the extent they are applicable, but it does not consider punishment for the underlying offense. Id. (enumerating 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), and specifically omitting § 3553(a)(2)(A) (punishment for the offense)).

In considering this application, the Court should be mindful that supervised release is "not, fundamentally, part of the punishment.'" United States v. Brooks, 889 F.3d 95, 99 (2d Cir. 2018) (quoting United States v. Aldeen, 792 F.3d 247 (2d Cir. 2015)). Rather, "[s]upervised release fulfills rehabilitative end, distinct from those served by incarceration. ... '[T]he primary goal [of supervised release] is to ease the defendant's transition into the community ....'" United States v. Johnson, 529 U.S. 53, 59 (2000) (internal citations omitted). Accordingly, courts in this District regularly grant early termination when the defendant has made a successful transition into the community, even where defendants have committed

serious crimes. See, e.g., United States v. Luis Felipe Mangual, Jr., No. 23 Cr. 429 (JGK), Dkt. No. 11 (S.D.N.Y. Sep. 24, 2024) (granting early termination to 64-year-old defendant who was originally sentenced to life in prison for drug offenses, had his prison sentence reduced, and had done well on supervision); United States v. William Burgess, No. 21 Cr. 563 (LTS), Dkt. No. 38 (S.D.N.Y. Sep. 19, 2024) (granting early termination of three-year supervision term based on defendant's "exceptionally good behavior"); United States v. Darnel Hooker, No. 18 Cr. 768 (RMB), Dkt. No. 68 (S.D.N.Y. May 23, 2024) (granting early termination of three-year supervision term for defendant who pled guilty to gun offense in connection with double shooting, based on defendant's completion of mandated treatment and strong performance on supervision); United States v. Hossein Wasiri, No. 19 Cr. 423 (ALC), Dkt. No. 74 (S.D.N.Y. Oct. 31, 2024) (granting early termination after around two years of three-year term, based on compliance with supervision); United States v. Bennett Sprecher, No. 19 Cr. 749 (JPO), Dkt. No. 46 (S.D.N.Y, Jan. 11, 2024) (granting early termination based on defendant's "exemplary record on pretrial supervision and probation"); United States v. Keith Billups, No. 15 Cr. 454 (GHW), Dkt. No. 176 (S.D.N.Y. Apr. 4, 2023) (granting early termination where defendant found employment, strengthened family relationships, and did not need ongoing supervision).

Initially released on April 29, 2020, Mr. Cooper completed approximately two-and-a-half years out of his initial three-year term of supervised release before being remanded in connection a domestic-violence-related violation. The Court sentenced Mr. Cooper to 11 months' imprisonment for that violation, plus a new two-year term of supervised release.

Mr. Cooper was again released on or about July 14, 2023. For the last 16-plus months Mr. Cooper has been fully compliant with supervision. He returned to work immediately upon his release and has been gainfully employed the entire time. He has not tested positive for any controlled substances, and he is not receiving any treatment or supportive services through Probation.

Finally, Mr. Cooper is no longer in the relationship that was the subject of his violation of supervised release. Kathryn Weant writes that she left him a year ago and moved back to North Carolina to be closer to her friends and family. **Exhibit A** (Letter of Kathryn Weant). "We have been broken up for about a year now and I have moved on with my life. Gregory has been respectful and has not caused me any harm or trouble. We do not communicate often but as far as I know he has been a law abiding citizen and has been on his best behavior." Id.

In the totality of the circumstances, I submit that termination of Mr. Cooper's supervision at this time "is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). Mr. Cooper has completed more than two thirds of his second term of supervised release (after also completing the vast majority of first term). The Probation Office did not recommend a new term of

2

Case 7:08-cr-00356-KMK    Document 205    Filed 12/04/24    Page 3 of 5

supervised release at the last sentencing. It notes now that Mr. Cooper has been compliant with supervision, and it takes no position on the current application. The government also takes no position.

Respectfully submitted,<br>
/s/<br>
Clay H. Kaminsky<br>
Assistant Federal Defender<br>
(212) 417-8749

cc:  AUSA Ryan Allison
     USPO Karen Rosero (by email)

> Application is denied. Mr. Cooper's supervised release record is dreadful. He engaged in domestic violence soon after being granted compassionate release. That he is no longer in that relationship is hardly a surprise, but also hardly a reason to reward Mr. Cooper with an early termination of his supervised release. The reasons for the Court's sentence for the last supervised release violation remain as true today.
>
> So Ordered.
> 12/4/24

3

# EXHIBIT A

December 2, 2024

Dear Judge Karas,

I am writing to you on behalf of Gregory Cooper. I wanted you to know that I left him a year ago and moved back to NC closer to my friends and family. We have been broken up for about a year now and I have moved on with my life. Gregory has been respectful and has not caused me any harm or trouble. We do not communicate often but as far as I know he has been a law abiding citizen and has been on his best behavior. I believe he should be released from his probation and I wish him nothing but the best in his life.

Kathryn Weant